| | |
|---|---|
| **BRAD ALLEN SEARS** | **CIVIL ACTION NO. 3:10-CV-0474** |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **OUACHITA PARISH SHERIFF'S OFFICE, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Brad Allen Spears, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on March 10, 2010. When he filed his complaint, plaintiff was a pre-trial detainee at the Ouachita Parish Corrections Center (OPCC), Monroe, Louisiana. He complained that he was falsely arrested on June 25, 2009, for failing to register or update sex offender registration. Plaintiff claimed that he was innocent of this charge. He prayed for an order directing his immediate release from custody and damages of $200/day for each day that he was wrongfully incarcerated. He also prayed for expungement of his record "... of any and all charges from 1999-2009." He named the Ouachita Parish Sheriff's Office and Deputies Renee Shaw and Ben Stutson as defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

### *Background*

Plaintiff was convicted of indecent behavior with a juvenile on April 21, 1999. On June 25,

2009, he was arrested and charged with failure to register or update sex offender registration address. According to plaintiff, he "... was only arrested after the sheriff's office received a false report on me where I had been moved from my previous address for more than 30 days, when in fact I had just started moving out on the 16th of June 2009." Plaintiff also claimed that the arrest reports, booking sheet, and bill of information alleged inconsistent information. He also claimed that since he was convicted in 1999, the amended versions of Louisiana's sex offender registration law do not apply to him. As noted above, he sought dismissal of the then pending charges, his immediate release from custody, expungement of all criminal charges, and $200 for each day that he was unlawfully incarcerated on the charge. [See Doc. 1]

On May 4, 2010, the undersigned recommended that the complaint, insofar as it sought plaintiff's immediate release from custody, be construed as an application for writ of habeas corpus and that it be dismissed without prejudice because plaintiff failed to exhaust available state court remedies prior to filing his federal suit. The Report also recommended that the complaint, insofar as plaintiff sought damages for wrongful arrest, false imprisonment, and malicious prosecution be stayed until such time as the pending criminal charges were resolved. [Doc. 6]

On May 26, 2010, the Court adopted the recommendation and stayed the civil action pending the resolution of the criminal prosecution. Plaintiff was directed to notify the court within 30 days of the date that the criminal proceedings were concluded. [Doc. 8]

On April 14, 2011, plaintiff and the Ouachita Parish Sheriff's Department were directed to provide a status report. [Doc. 12]

On April 29, 2011, plaintiff submitted the minutes of the Fourth Judicial District Court dated May 6, 2010, in the matter entitled *State of Louisiana v. Brad Allen Sears*, No. 09-F-001758. These

minutes reflect that plaintiff pled guilty as charged to the offense of failing to register and/or update

registration as a sex offender and was sentenced to serve two years at hard labor without benefit of

parole and with credit for time served. Plaintiff also submitted a "Probation Judgment" in case

number 09-F-1763-4 reflecting his conviction on a charge of theft of the assets of an aged person and

the five year suspended sentence imposed and suspended. The document reflects that plaintiff will

be on probation for 5 years to commence upon his release from incarceration. [Doc. 13]

On May 2, 2011, the Clerk also received correspondence from Col. Marc Mashaw of the

Ouachita Parish Sheriff's Department. This submission included a copy of the bill of information

dated July 31, 2009, which charge plaintiff with the offense of failure to register and/or update

registration as a sex offender on June 25, 2009. A copy of the May 6, 2010, court minutes showing

plaintiff's guilty plea and conviction for that offense were also submitted, along with the penitentiary

commitment order signed by Judge Ellender of the Fourth Judicial District Court on June 14, 2010.

[Doc. 14]

### *Law and Analysis*

### *1. Screening*

When a prisoner sues an officer or employee of a governmental entity pursuant to 42 U.S.C.

§1983, the court is obliged to evaluate the complaint and dismiss it without service of process, if

it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali*

*v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990).

A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d

114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d

340 (1992). A civil rights complaint fails to state a claim upon which relief can be granted if it

appears that no relief could be granted under any set of facts that could be proven consistent with the

allegations of the complaint. Of course, in making this determination, the court must assume that all

of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998).

## 2. *Heck v. Humphrey* Considerations

Plaintiff contests the legality of his arrest, prosecution, and imprisonment. He seeks money

damages based upon alleged violations of his Constitutional rights. As shown above, plaintiff was

convicted of the charge he complained of, and as a result, he is not entitled to damages for the

wrongful arrest, imprisonment, and prosecution until such time as the conviction in question has

been declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383

(1994), which held:

> ... in order to recover damages for allegedly unconstitutional ... imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of writ of *habeas corpus*, 28 U.S.C. § 2254...

> Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, at 486-487.

*Heck* prohibits the use of § 1983 complaints as a means of collaterally attacking outstanding

state convictions. Accordingly, under *Heck*, plaintiff must demonstrate that his recent conviction

for failing to register as a sex offender has been reversed, invalidated, or expunged before he can

bring a civil action seeking money damages for false arrest, imprisonment, and prosecution. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Plaintiff has failed to make such a showing. Consequently, his claim for monetary damages is "legally frivolous" within the meaning of 28 U.S.C. §1915. *Hamilton*, 74 F.3d at 102-103.

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Plaintiff may assert a claim if and when he can meet the Heck v. Humphrey conditions. Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See, *Douglass v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana,

May 26, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE

5